UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN SHALLOW,

                        Plaintiff,

-against-

SYLVIA SHALLOW-HOPE; OFFICE OF CHILD SUPPORT SERVICES,

                       Defendants.

23-CV-6305 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction. By order dated July 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, Sean Shallow "Title God," filed this complaint against Sylvia Marlene Shallow "aka Hope" and the New York City Office of Child Support Services ("OCSS"), asserting violations of his Fourth Amendment rights and claims of extortion, "embezzlement against the United States," identity theft, racketeering, larceny, and "wrongful appropriation" under various federal criminal statutes. (ECF 1 at 1.)[1] Plaintiff does not identify who Sylvia Marlene Shallow is, but he alleges that she:

> Disclosed that she kept Sean Shallow special agent license since age 18 and assumed his job, life & pay. As Shawn Carter and D.J. Khalib repeatedly and frequently mention in songs, referring to Sylvia Marlene Shallow aka Hope/Joyce/Joy as god, to send a message to the world in anonymity that she is God the boss. False wrong accessory and conspiring perjury and surboniating

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless indicated otherwise.

>perjury. There is also a numerous amount of people special agent who also conspired and commited 18 USC 3 accessory after the fact, knowing Sylvia who can't hire but appointed herself as Hope with Sean Shallow credentials. Then went ahead and hired and promote these people who catch phase is "my God." These same people assisted her with 32 years of illegal acts. (1 trillion USD for every year) to quote rapper Drake in Gods plan "she couldn't do it alone." Sylvia Marlene Shallow Hope disclosed confess, that April 2022 when Sean Shallow came to deposed Carla Deborah Shallow and herself for a federal law suit she had his new special agent credential(s), his wallet and bag with high school diploma, military medic diploma and all his other identification cards, certificates and computer that was given to her after I flat line, because of 18 USC 1113 & 18 USC 1117 ochestrated by Sylvia Marlene Shallow and Carla Deborah Shallow, with help of Jame Hunt (witch hunt Sylvia Shallow's), Bill Barr (Casandra Rampaul Winston staffing) and Christopher Wray (Ronnie attempted sodomy on the plaintiff Sean Shallow under age boy) the plaintiff Sean Shallow was asked to have Sylvia Marlene Shallow Hope finish up the succession from his father to him, in March 2023 they started meeting daily in apartment 18h 49 Crown Street Brooklyn NY, she also sent a message prior to them starting, she wants to cut a deal and snitch to get pardon. the succession was suppose to happen so Sean Shallow Title God could approve the budget and debt ceiling, instead what happen is time being wasted and Sean Shallow pulling the plug.

(*Id.* at 1-2.)

It appears that Plaintiff names OCSS as a defendant for the following reasons:

>I've also had 75-78000 USD wrongfully seizure without probable cause embezzled in a fraudulent child support enforcement case NP3184C2 and NP3184Cl for his son Ahmani that hasn't been repaid but the plaintiff is still being extorted. there is also slander per se that we both had sexual intercourse with Tatyana Thamm and I gave them Hepatitis C, never happen. Eric has also posed as Sean Shallow and made a lot of humans ill. Sean Shallow was investigated for Eric criminal activity.

(*Id.* at 2.)

In his complaint, Plaintiff seeks the following relief:

>New York City Child Support Enforcement Case # NP3184C2 and NP 3184Cl totaling 75000-78000 USD wrongfully seized without probable cause via embezzlement, the enforcement unit must cease and desist all harassment & extortion. Remove all cases info from the system. The 150,000 USD that is to pay back the plaintiff a certified check via this court system. The other 9 million 8 hundred 50 thousand a rep from the U.S. Attorneys Office can meet via PT, as V.P. Kamala Harris and Sean Shallow has communicated via social media a few lump

sum payment see U.S. Supreme Court writ 22-5310.[2] The emergency motion approved and all property return with new special agent credentials as president Joe Biden inform Sean Shallow it was ready almost two years now with back pay.

(*Id.* at 5.)

Plaintiff is homeless and currently residing in New York. Defendant Sylvia Marlene Shallow resides in Brooklyn. (*Id.* at 5.)

On July 20, 2023, Plaintiff filed an "emergency motion" seeking to have Defendants:

immediately surrender all documents of Sean Shallow [including] his special agent credential(s)," and other "wrongfully seized items," including a wallet, backpack, diplomas, certificates, social security card, bicycle pump, laptop computer, wrench, and passport.

(ECF 3.) On July 28, 2023, Plaintiff filed a motion to "stop all retaliation," in which he alleges that Defendant Sylvia Marlene Shallow has "illegally hired" people to retaliate against him, including two police officers, who ticketed him for the "quality of life crime" of "pouring a beer into another bottle to store for later that evening." (ECF 6.)

## DISCUSSION

**A.     Private prosecution**

The Court must dismiss Plaintiff's claims in which he seeks the criminal investigation and prosecution of the defendants. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against the defendants because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

---

[2] This is an apparent reference to the denial of a petition for a writ of *certiorari* arising out of a case that Plaintiff filed in the Fourth Circuit. *See Shallow v. United States*, No. 22-5310 (S. Ct. Oct. 11, 2022).

Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal investigation and prosecution of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

**B.      Claims under 42 U.S.C. § 1983**

The Court construes Plaintiff's constitutional claims as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.      Sylvia Marlene Shallow "aka Hope"

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff does not identify who Defendant Sylvia Marlene Shallow is, but she appears to be related to Plaintiff, and thus appears to have acted as a private party. As Defendant Sylvia Marlene Shallow is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. 28 U.S.C. § 1915(e)(2)(B)(ii).

5

    2.      Office of Child Support Services

The Court understands Plaintiff's complaint as asserting claims that city or state officials in some way violated his right to procedural due process in connection with a child-support obligation. The Due Process Clause only protects "against deprivations without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Generally, some kind of predeprivation process must be provided before liberty or property rights are infringed upon. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, however, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera-Powell*, 470 F.3d at 465 (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy").

In New York, a child-support debtor is entitled to the postjudgment remedies outlined in Article 52 of the New York Civil Practice Law and Rules ("Article 52" or "CPLR"). For example, when a local social services district's Support Collection Unit issues an execution for enforcement of current child support or child-support arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and challenge it administratively. *See* N.Y.C.P.L.R. § 5241(a)(8), (e). If the agency does not agree with the debtor's objection, the debtor may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the CPLR ("Article 78"). *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012); *see Smith v. N.Y. Child Support Process Ctr.*, No. 19-CV-9266, 2019 WL 6312178, at *3 (S.D.N.Y. Nov. 25, 2019), *appeal dismissed*, No. 20-26, 2020 WL 3643569 (2d Cir. May 7, 2020), *cert. denied*, 141 S. Ct. 564 (2020).

Here, while Plaintiff appears to allege that city or state officials incorrectly or illegally seized assets to satisfy a child-support debt, those facts alone do not give rise to a claim of a procedural due process violation. State law, specifically, Article 52 and Article 78, provide procedural due process to child-support debtors facing garnishment or seizure. If officials failed to comply with state law, such an omission would constitute a random and unauthorized deprivation of property. That deprivation does not, however, constitute a violation of procedural due process so long as the state provides an adequate postdeprivation remedy.

Plaintiff cannot assert that he was denied procedural due process if he never sought Article 52 administrative review or Article 78 judicial review. *See Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) ("[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her

procedural due process rights under 42 U.S.C. § 1983."); *see also Smith*, 2019 WL 6312178, at *3 ("[T]he fact that [Article 52 and Article 78] remedies were available to him defeats his due process claim." (citing *Rivera-Powell*, 470 F.3d at 465))). Plaintiff has alleged no facts showing that he has sought Article 52 review or Article 78 review, or that such process is inadequate. Accordingly, to the extent that Plaintiff asserts claims under Section 1983 that state officials have violated his right to procedural due process, the Court dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to amend denied and warning**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff has filed many prior cases in this and other federal courts that have been held to lack merit. *See Shallow v. Nation Action Network*, No. 22-CV-0048 (E.D. Va. Apr. 21, 2022) (dismissing complaint as frivolous), *aff'd*, No. 22-1485 (4th Cir. Feb. 6, 2023); *Shallow v. Lidl*, No. 21-CV-0154 (E.D. Va. Dec. 15, 2021) (dismissing federal claims for failure to state a claim, declining to exercise supplemental jurisdiction over state law claims); *Shallow v. United States*, No. 20-CV-0389 (E.D. Va. Aug. 16, 2021) (granting motion to dismiss), *aff'd*, No. 21-1989 (4th Cir. Apr. 26, 2022); *Shallow v. United States*, No. 20-CV-0383 (E.D. Va. July 1, 2020) (granting motion to dismiss); *Shallow v. Fed. Bur. of Investigation*, No. 19-CV-0229 (E.D. Va. June 27, 2019) (granting motion to dismiss); *Shallow v. New York State Office Of Temporary and Disability Assistance*, No. 15-CV-0946 (D.D.C. June 19, 2015) (dismissing complaint for failure to state a claim), *aff'd*, 15-7067 (D.C. Cir. Jan. 14, 2016); *Shallow v. Scofield*, No. 11-CV-6028 (JMF) (S.D.N.Y. Sept. 21, 2012) (dismissing complaint for failure to state a claim), *aff'd*, No. 12-4229 (2d Cir. Jan. 31, 2013) (dismissing appeal as frivolous); *Shallow v. Mollen*

*Immunization Clinic*, No. 11-CV-1886 (D. Az. May 7, 2012) (dismissing complaint for failure to state a claim), *aff'd*, No. 12-16226 (9th Cir. Apr. 9, 2014).

Based on this litigation history, the Court finds that Plaintiff knew or should have known that this complaint lacked merit when he filed it. Plaintiff is warned that further duplicative or frivolous litigation will result in an order directing Plaintiff to show cause why he should not be barred from filing any further actions IFP in this court without first obtaining permission from this court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The emergency motions are denied, and the Clerk of Court is directed to terminate them. (ECF 3, 6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge